

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable John C. Marburger
County Attorney
Fayette County
La Grange, Texas

Modified by
O-4363

Dear Sir:

Opinion No. O-4281
Re: Officers' Salary Law—Salary
of county attorney under facts
stated.

Your request for opinion has been received and carefully considered by this department. We quote from your request as follows:

"In 1935 Fayette County had a population of 30,701 and the last census shows it to have a population of 29,246 as far as I can determine. In 1935 the County Attorney earned the following fees:

| | |
|---|---|
| "Earned and collected in cash for fines in the County and Justice Courts. . . | $991.50 |
| "Earned and collected in cash in Lunacy cases | 50.00 |
| "Earned and collected in cash as Ex-Officio Salary. . . . | 500.00 |
| "Total amount earned and collected in CASH. | $1,541.50 |

"Total amount earned in County and Justice Courts but uncollected since the defendant laid his fine and costs out in jail. . . . $2,538.70

"Total amount earned, collected and uncollected. . . . $4,080.20

"There were no deductions for office expenses in 1935.

". . .

"Under the above fact situation, I would appreciate your immediate opinion on the following questions:

"(1) Are fees earned by the County Attorney, but not collected since the defendant laid his fine and costs out in jail, to be considered in fixing the minimum salary of the County Attorney?

"(2) What is the minimum salary that is legally required to be fixed by the Commissioner's Court of Fayette County for the County Attorney under the present law?

". . ."

Opinion No. O-409 (Conference OpinionnNo. 3053) of this department, a copy of which is enclosed herewith, answers your first question in the affirmative. The case of Winder vs. Nacogdoches County, 140 S.W. (2nd) 972, cited by you in your brief also supports this holding.

Article 3883, Vernon's Annotated Texas Civil Statutes, reads in part, as follows:

"Except as otherwise provided in this Act, the annual fees that may be retained by precinct, county and district officers mentioned in this Article shall be as follows:

". . .

"2. In counties containing as many as twenty-five thousand and one (25,001) and not more than thirty-seven thousand, five huhdred (37,500) inhabitants, and in which there is no city containing twenty-five thousand (25,000) inhabitants: County Judge, District or Criminal District Attorney, Sheriff, County Clerk, County Attorney, District Clerk, Tax Collector, Tax Assessor, or the Assessor and Collector of Taxes, Twenty-seven Hundred and Fifty Dollars ($2750) each; . . ."

Article 3891, Vernon's Annotated Texas Civil Statutes, reads in part as follows:

"Each officer named in this Chapter shall first out of the current fees of his office pay or be paid the amount allowed him under the provisions of Article 3883, together with the salaries of his assistants and deputies, and authorized expenses under Article 3899, and the amount necessary to cover costs of premium on whatever surety bond may be required by law. If the current fees of such office collected in any year be more than the amount needed to pay the amounts above specified, same shall be deemed excess fees, and shall be disposed of in the manner hereinafter provided.

". . . .

Honorable John C. Marburger, page 3

"In counties containing as many as twenty-five thousand and one (25,001) and not more than thirty-seven thousand, five hundred (37,500) inhabitants, district and county officers named herein shall retain one-third of such excess fees until such one-third, together with the amount specified in Article 3883, amounts to Thirty-five Hundred Dollars ($3500). . . ."

Section 13 of Article 3912e, Vernon's Annotated Texas Civil Statutes, reads in part as follows:

"Sec. 13.   The Commissioners' Court in counties having a population of twenty thousand (20,000) inhabitants or more, and less than one hundred and ninety thousand (190,000) inhabitants according to the last preceding Federal Census, is hereby authorized and it shall be its duty to fix the salaries of all the following named officers, towit: sheriff, assessor and collector of taxes, county judge, county attorney, including criminal district attorneys and county attorneys who perform the duties of district attorneys, district clerk, county clerk, treasurer, hide and animal inspector, Each of said officers shall be paid in money an annual salary in twelve (12) equal installments of not less than the total sum earned as compensation by him in his official capacity for the fiscal year 1935, and not more than the maximum amount allowed such officer under laws existing on August 24, 1935; . . ."

Opinion No. O-744 of this department holds that in determining "the total sum earned as compensation for the year 1935", for the purpose of arriving at the minimum salary to be paid the county attorney, that the commissioners' court should deduct from the total compensation earned, collected and uncollected, the expenses for the office for the year 1935, which were legally allowed by the commissioners' court for that year.

You state in your letter that there were no deductions for office expenses in 1935. You have also given us further the information by telephone that the county attorney had no assistant in 1935 and no expenses of office in 1935.

The 1930 Federal Census and not the 1940 Federal Census is material to your second question. See opinion No. O-2582 of this department, a copy of which is enclosed herewith for your information.

Opinion No. O-1191 of this department which passed on the salary of the county attorney of Taylor County (a county having a population of 41,023 inhabitants according to the 1930 Federal Census and where the county attorney's "first maximum" was $3,500.00 and the "full maximum," was $4,250.00 under laws existing August 24th, 1935) passed on a question analogous to your question. We quote from said opinion as follows:

". . .

"You do not state in your letter whether or not the salaries of your assistants, if any, and all authorized expenses of your office, for the year 1935, have been deducted from the amount of your gross earnings for the year 1935.

"If the sum of $5401.19 represents the amount earned by you as county atborney in the year 1935, after deducting salaries of assistants, if any, and authorized expenses of office, for the year 1935, then in that event, you are correct in your construction of the law and your salary should be $4133.36.

"If, however, salaries of your assistants, if any, and authorized expenses, have not been deducted from the total of your gross earnings, then the same should be deducted, and the same rule of construction be applied in determining the amount of your salary. For example, if salaries of your assistants, if any, and authorized expenses of office, for the year 1935, amounted to $1500.00 (Fifteen Hundred Dollars), and the gross earnings of your office were $5401.19, then it would be proper to deduct $1500.00 from $5401.19, making the sum of $3901.91, which would be the amount earned by you, not by the office. Your first maximum of $3500.00 would be deducted from your total earnings of $3901.19, leaving a balance of $401.19, as excess fees. The $401.19 excess fees would be divided by three and you would be entitled to one-third of these fees, towit: the sum of $133.73. This amount added to $3500.00 would be $3633.73, the amount of salary you would be entitled to under such conditions.

". . ."

We enclose a copy of said opinion for your information.

The "first maximum" allowed the county attorney of Fayette County under Article 3883, V.A.C.S., in 1935, was *2,750.00 per annum. Under laws existing in 1935 under Article 3891, V.A.C. S., he was allowed to retain one-third of excess fees above said $2,750.00 maximum until such one-third excess fees and the $2,750.00 first maximum amounted to the second or full maximum of $3,500.00

In answer to your second question it is our opinion under the facts stated that the commissioners' court of Fayette County is legally required to set the salary of the county attorney of Fayette County at not less than $3,193.40 per annum and not more than $3,500.00 per annum.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By (Signed) WM. J. FANNING
Assistant

APPROVED JAN. 8, 1942

(Signed) GROVER SELLERS
FIRST ASSISTANT ATTORNEY GENERAL

APPROVED OPINION COMMITTEE

By B.W.B. Chairman

WJF:mp